# United States Court of Appeals
## for the Fifth Circuit

———————

No. 23-40441
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2024

Lyle W. Cayce
Clerk

Save R Hood, Incorporated,

*Plaintiff—Appellant*,

*versus*

Galveston County; City of Galveston; Mark Henry; Henry Trochesset; Cheryl E. Johnson; Craig Brown; Brian Maxwell,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:22-CV-264

———————————————————

Before Clement, Elrod, and Ho, *Circuit Judges*.

Per Curiam:*

This suit involves real property—namely, Lot 11 on block 387 in the City of Galveston, which is owned by a nonprofit corporation, Save R Hood, Inc. In 2008, the County of Galveston and the City of Galveston (collectively "Galveston") sued Save R Hood in state court to recover delinquent

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

property taxes on Lot 11. In 2009, the state court rendered judgment for Galveston, granting it the right to seize and sell Lot 11. Galveston issued an order of sale and, in January 2010, timely held a public auction for Lot 11. The auction yielded no bids, however, so, by operation of law, the City of Galveston took control of Lot 11. In December 2010, Save R Hood exercised its statutory right of redemption, tendering sufficient funds to the Galveston County Tax Office to pay off its tax debt and reclaim the property. The County Tax Office issued a certificate of redemption and delivered the certificate to Save R Hood.

However, Galveston County failed to record Lot 11's official deed, which reflected Save R Hood as the rightful owner, until ten years later, on July 22, 2020. In the interim, the City of Galveston erroneously retained record title to Lot 11 and, on June 2, 2015, offered the property for public auction, selling it to 2013 Place, LLC for $8,500. Once Save R Hood's 2010 redemption came to light, 2013 Place agreed to relinquish any claim to the property in exchange for return of its payment, and Galveston petitioned to vacate the sale. The state court granted the petition and ordered that title to Lot 11 be "restored in the former record title owners," Save R Hood.

In July 2022, Save R Hood sued Galveston in federal court, bringing federal constitutional claims (takings and due-process) pursuant to Section 1983, and later amending the complaint to include Texas constitutional claims similar to the federal claims. The district court granted Galveston's motions to dismiss under Rules 12(b)(1) and 12(b)(6). First, the court reasoned that it lacked jurisdiction to resolve Save R Hood's claims as to Galveston's *pre*-redemption conduct (seizing and selling Lot 11 for purposes of tax collection) because of the Tax Injunction Act (TIA). Specifically, the TIA withholds federal jurisdiction where a remedy may be had in state court to the state's or municipality's tax-collection practices, 28 U.S.C. § 1341, which include a sheriff's sale of foreclosed properties to collect delinquent

taxes, *Hammonds v. Dallas Cnty.*, 815 F. App'x 787, 787–88 (5th Cir. 2020). Second, the district court held that Save R Hood's claims as to Galveston's *post*-redemption conduct (Galveston's continuing to possess the property, and selling the property to 2013 Place, despite Save R Hood's redemption) were barred by the relevant statute of limitations—two years, under Texas law, for Section 1983 suits.[1] Save R Hood does not appeal the district court's judgment concerning the Tax Injunction Act—only the court's dismissal of the claims related to Galveston's post-redemption conduct.

As the district court correctly held, the limitations period under Texas law for Section 1983 claims for takings is two years. *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018). Here, Save R Hood admits to having had constructive notice of Galveston's wrongful possession of Lot 11 since June 2015, when Galveston sold the property to 2013 Place. Save R Hood filed suit in July 2022, however—more than five years after the limitations period elapsed. Thus, Save R Hood's Section 1983 claims are untimely. Finally, the district court properly declined to exercise supplemental jurisdiction over Save R Hood's only remaining claims—its state-law claims. *See* 28 U.S.C. § 1367(c)(3).

For the foregoing reasons, we AFFIRM.

---

[1] The district court's opinion did not reach the merits of Save R Hood's claims and does not prevent Save R Hood from seeking relief in state court.